IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RAOUL LYNCH, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| JUDGE CHRISTOPHER S. | : | CIVIL ACTION NO. |
| BRASHER et al., | : | 1:13-CV-1195-WSD-LTW |
| Defendants. | : | |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff is confined at Hancock State Prison in Sparta, Georgia. Plaintiff, pro se, seeks damages and declaratory relief in this action and has paid the filing fee. (Doc. 1.) The case is ready for screening under 28 U.S.C. § 1915A.

Federal courts must screen prisoner complaints to determine whether the action (1) is frivolous or malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation

occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).

Plaintiff alleges in his complaint that the prosecutor, defense attorney, and judge in his criminal trial in Fulton County, Georgia in April 2011 failed to recognize that the charges against him were barred by the statute of limitations. (Doc. 1 at 3-4.) Plaintiff alleges that the prosecutor argued against application of the statute of limitations at trial, Plaintiff's lawyer failed to object, and the judge failed to apply the statute of limitations. (*Id.*) Plaintiff contends that those actions violated his constitutional right to due process. (*Id.*) Plaintiff seeks compensatory damages, punitive damages, and declaratory relief. (*Id.* at 4.)

Plaintiff's claims are barred because success on his claims would imply the invalidity of his current imprisonment and his convictions have not been invalidated. A "prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought . . . no matter the target of the prisoner's suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *see Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("[T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the

complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."). Success on Plaintiff's claims that he was improperly prosecuted and convicted in defiance of the statute of limitations would necessarily demonstrate the invalidity of his convictions and resulting imprisonment. *Heck* therefore bars Plaintiff's claims.

An action that is barred by *Heck* should be dismissed with prejudice. *Abella v. Rubino*, 63 F.3d 1063, 1065-66 (11th Cir. 1995). However, if a plaintiff "eventually satisfies the precondition to a valid [damages] claim under *Heck*" – invalidation of his conviction or sentence – he is permitted to raise that claim in a new civil rights action. *Id.* at 1065-66 & n.3 ("[A] 42 U.S.C. § 1983 damages action which would demonstrate the invalidity of a conviction or sentence does not accrue until the conviction or sentence has been invalidated.").

Plaintiff's complaint also fails to state a viable claim because the defendant judge and prosecutor have absolute immunity and the defendant defense lawyer did not act under color of state law. Judges and prosecutors enjoy absolute immunity for acts taken in their judicial and prosecutorial roles, respectively, during court proceedings. *See Van de Kamp v. Goldstein*, 129 S. Ct. 855, 859-60 (2009) (prosecutors immune from suits challenging prosecutorial actions intimately

AO 72A
(Rev.8/82)

associated with the judicial phase of the criminal process); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (judges immune from suits challenging functions associated with the judicial phase of the criminal process). Criminal defense lawyers do not act under color of state law for purposes of § 1983 when they represent clients in court proceedings. *See United States v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976) (appointed criminal defense lawyers do not act under color of law in representing their clients); *Nelson v. Stratton*, 469 F.2d 1155, 1155 (5th Cir. 1972) (same as to retained criminal defense lawyers). Thus, even if this action were not barred by *Heck*, Plaintiff's allegations fail to state a claim upon which relief may be granted as to any Defendant.

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED** under 28 U.S.C. § 1915A.

**SO RECOMMENDED** this 25 day of April, 2013.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE