IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RAOUL LYNCH,

        **Plaintiff,**

v.                                                                          1:13-cv-1195-WSD

JUDGE CHRISTOPHER S.
BRASHER, et al.,

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Refund of Filing Fee (the "Motion") [10].

### I.   BACKGROUND

Plaintiff Raoul Lynch ("Plaintiff"), proceeding *pro se*, is incarcerated at Hancock State Prison in Sparta, Georgia.  On April 11, 2013, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 for an alleged violation of his constitutional rights.

On September 27, 2013, the Court adopted the Magistrate Judge's Final Report and Recommendation and dismissed Plaintiff's action with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A.  [4]

On October 24, 2013, Plaintiff appealed the Court's September 27, 2013, Order [6], and paid the filing fee in the amount of $455.00.

On November 4, 2013, Plaintiff filed his Motion.  In the Motion, Plaintiff "petitions the Court for a refund of the filing fee" and requests that it be paid to his sister.  (Mot. At 1.)  On November 7, 2013, the Eleventh Circuit dismissed Plaintiff's appeal because Plaintiff voluntarily withdrew his appeal.  [11]

## II. DISCUSSION

The courts of appeal are authorized to charge fees pursuant to 28 U.S.C. § 1913.  The fee for docketing an appeal is $455.00, which is paid to the district court.  See Fed. R.App. P. 3(e) (An appellant "must pay the district clerk all required fees" upon filing a notice of appeal).

The Federal Rules of Appellate Procedure do not provide for a refund of filing and docketing fees.  See, e.g. Porter v. Dep't of Treasury, 564 F.3d 176, 179-80 (3d Cir. 2009) (denying a refund or waiver of remaining appellate filing fees to a federal prisoner and refund of fees to a non-prisoner litigant); Goins v. Decaro, 241 F.3d 260 (2d Cir. 2001) (finding that *pro se* inmates proceeding IFP were not entitled to refund of appellate fees or to cancellation of indebtedness for unpaid appellate fees after they withdrew their appeals); Vale v. United States, No. 6:06-cv-616-Orl-22KRS, 2009 WL 3571714, at *1 (M.D. Fla. June 4, 2009) (citing

Porter, 564 F.3d 179-180); Williams v. Roberts, 116 F.3d 1126, 1127 (5th Cir. 1997) ("[T]he filing fee is to be assessed for the privilege of initiation an appeal, without regard to the subsequent disposition of the matter."); Overseas Cosmos, Inc. v. NR Vessel Corp., 148 F.3d 51 (2d Cir. 1998) ("federal rule of appellate procedure governing voluntary dismissal does not authorize award of fees as condition of voluntary dismissal").

Here, Plaintiff chose to pay the $455.00 filing fee to appeal the Court's September 27, 2013, Order.  Although Plaintiff was entitled to voluntarily withdraw his appeal, see Fed. R. App. P. 42; see also 11th Cir. R. 42-1(a), the $455.00 filing fee is non-refundable.  Plaintiff's Motion for Refund of Filing Fee is denied.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** Plaintiff's Motion for Refund of Filing Fee [10] is **DENIED**.

**SO ORDERED** this 24th day of July, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE